DYK, Circuit Judge,
concurring in part and dissenting in part.
I join the majority opinion with the exception of Part II.B.2.b. For the reasons stated by the majority, the services at issue constitute “local telephone service” within the definition of 26 U.S.C. § 4252(a)(1). They are not within the “private communication service” exemption of 26 U.S.C. § 4252(d) because they do not meet the basic requirement of providing a distinct “communication service” in addition to local telephone service. However, the majority alternatively holds that the “private communication service” exemption does not apply here because USA Choice does not have “exclusive or priority use” of its lines as required by 26 U.S.C. § 4252(d)(1)(A). I respectfully disagree with this alternative holding.
In reaching this alternative holding, the majority properly rejects the reasoning of the Court of Federal Claims that USA Choice’s customers are “subscribers” within the language of the statute. USA Choice’s customers may subscribe to the internet services offered by USA Choice, but they do not “subscribe” to the relevant telephone company services at issue in this case. The only subscriber is USA Choice itself. However, USA Choice, as the subscriber, does have “exclusive or priority use” of its lines. In my view, USA Choice has “exclusive use” of its lines, because the lines cannot be used to direct calls to any other party. When a caller dials one of the telephone numbers associated with USA Choice’s POPs, the call is routed at the central office over the dedicated circuits and to the POPs. Any call routed onto these circuits can only reach USA Choice.
The majority suggests that USA Choice does not enjoy exclusive or priority use of those lines because “anyone else on the [Public Switched Telephone Network] was free to dial USA Choice’s access numbers and necessarily made use of USA Choice’s dedicated lines to connect with its POPs.” Maj. Op. at 1346. I disagree. The statute focuses on the subscriber’s entitlement, and here the subscriber is the only party who can be reached by a call routed over the lines at issue. PBX service, the very service for which the exemption was de *1348 signed, similarly can enable the general public to reach the subscriber. A PBX system connected to the local exchange allows anyone to call in to and access the telephone stations within the system. Thus the exemption cannot be denied on the basis that the subscriber’s use is not exclusive or priority use where the general public can use the lines to reach the subscriber.
While I believe that the “exclusive or priority use” requirement was satisfied, I nonetheless agree that the majority reaches the correct result in holding the exemption unavailable. In my view, the exemption is unavailable for the reasons stated in Part II.B.2.a of the majority opinion.